THIRD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
8/25/2017 10:24:38 AM
CLAUDE BOWMAN
Rosie Stewart

EXHIBIT A

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**TOM LEVY and DEBORAH LEVY,**

      **Plaintiffs,**

                                        D-307-CV-2017-02606

**v.**                                            **Cause No. CV-2017-_____**
                                            **Judge _____ Arrieta, Manuel I.**

**EMCASCO INSURANCE COMPANY,**

      **Defendant.**

## COMPLAINT

      Plaintiffs, Tom Levy and Deborah Levy, by and through their attorney, Law Office of Kyle

H. Moberly, P.C. (Kyle H. Moberly), state:

### PARTIES, JURISDICTION AND VENUE

      1.      Plaintiffs, Tom and Deborah Levy, are residents of Doña Ana County, New Mexico.

      2.      Defendant, EMCASCO Insurance Company, is an Iowa corporation that is licensed

to do an insurance business in the State of New Mexico.

      3.      This action arises from and relates to specific contacts that Defendant had with the

State of New Mexico.  Specifically, this action arises out of an insurance policy issued by Defendant

for the real property in the City of Las Cruces, New Mexico, that is located at 2801 Missouri

Avenue, which includes a shopping center called "Bonita Plaza" (which real property is hereinafter

referred to as the "**Property**"), and the subsequent hail damage to the Property.

      4.      This Court has personal jurisdiction over the parties with respect to the causes of

action asserted in this complaint.

5.      This Court has subject-matter jurisdiction with respect to the causes of action asserted in this complaint.

6.      This Court is the proper venue for the causes of action asserted in this complaint.

## GENERAL ALLEGATIONS

7.      On or about October 3, 2015, the Property was damaged by a hailstorm (which hailstorm is hereinafter referred to as the "**Hailstorm**").

8.      At the time of the Hailstorm, the Property was owned by Bonita Plaza 1, LLC and Bonita Plaza 2, LLC (which entities are hereinafter collectively referred to as "**Sellers**").

9.      At the time of the Hailstorm, Sellers had casualty insurance for the Property in effect that was issued by Defendant.  Defendant's number for that insurance policy is 4W8-87-95 (which insurance policy is hereinafter referred to as the "**Insurance Policy**").

10.     On or about December 1, 2015, Sellers made a claim against Defendant for the damages to the Property caused by the Hailstorm (which claim is hereinafter referred to as the "**Claim**").  Defendant's number for the Claim is JF50-Z01192878.

11.     On or about February 5, 2016, Plaintiffs' entered into an agreement to purchase the Property from Sellers.

12.     About the time that Sellers agreed to sell the Property to Plaintiffs, Sellers received an estimate from Defendant's adjuster that the cost of repairing the damage to the Property caused by the Hailstorm would be $3,738.46.

Complaint
Tom Levy and Deborah Levy v.
EMC Insurance Company                          \\WORLDOX\Worldox (E Drive)\Doc\CLIENT\0448\002\00011728.WPD

Page 2 of 7

13.     When Plaintiff Tom Levy and Plaintiffs' contractor inspected the Property in connection with Plaintiffs doing their due diligence for the purchase, they discovered that the damage to the Property from the Hailstorm was much worse than Defendant's adjuster estimated.

14.     After Plaintiffs advised Sellers that they believed the cost of repairing the damage to the Property from the Hailstorm was much worse than Defendant estimated, Sellers, at Plaintiffs' request, asked Defendant to have its adjuster reinspect the Property and determine whether his original estimate of the cost of repairing the damage should be increased, which he did. The adjuster confirmed his original estimate, despite the evidence that Plaintiffs' contractor presented of the extensive damage to the Property.

15.     At the suggestion of Plaintiffs' contractor, Sellers requested that Defendant hire an engineer to inspect the damage to the Property from the Hailstorm and give his opinion of the cost of repairing that damage.

16.     On or about March 22, 2016, Plaintiffs elected to proceed with purchasing the Property and, at the closing of the purchase, received a written assignment from Sellers of all of their right, title and interest in and to the Claim and all proceeds resulting from the Claim (which assignment is hereinafter referred to as the "**Assignment**").

17.     After the engineer completed his inspection of the Property, and more than a month after Plaintiffs' purchase of the Property, Defendant's adjuster increased his estimate of the cost of repairing the damage to $91,130.69, which is almost **25 times his original estimate**.

18.     Plaintiffs' contractor told Plaintiffs that he believed that there was more damage to the Property than Defendant's engineer or adjuster acknowledged. But, because Plaintiffs were

Complaint
Tom Levy and Deborah Levy v.
EMC Insurance Company                                    \\WORLDOX\Worldox (E Drive)\Dox\CLIENT\0448\002\00011728.WPD

Page 3 of 7

concerned about the Property being further damaged as a result of impending summer rains, Plaintiffs contracted with their contractor to make the repairs that Defendant agreed to pay for.

19.     Prior to Plaintiffs' contractor completing the repairs to the Property that Defendant had agreed to pay for and after Defendant had only paid $43,303.85 for repairing the damage to the Property, Defendant notified Sellers by letter dated August 25, 2016, that it did not consent to the transfer of the Insurance Policy or coverage to any other person.

20.     Plaintiffs' counsel sent a letter to Defendant dated December 9, 2016, demanding that Defendant fulfill its obligation under the Insurance Policy to pay, or reimburse Plaintiffs for, the remainder of the costs that they had incurred or will incur to repair the damages to the Property from the Hailstorm, which Defendant has refused to do.

21.     As a result of Defendant's wrongful acts, Plaintiffs were forced to retain the professional services of the Law Office of Kyle H. Moberly, P.C., who is representing Plaintiffs with respect to this lawsuit.

## COUNT I
## BREACH OF CONTRACT

22.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

23.     According to the Insurance Policy, Defendant had a duty to properly investigate and determine the damages to the Property from the Hailstorm and to pay the costs of repairing those damages.

Complaint
Tom Levy and Deborah Levy v.
EMC Insurance Company                                       \\WORLDOX:Worldox (E Drive)\Dox\CLIENT\0448\002\00011728.WPD

24.     Defendant has breached its contractual obligations under the Insurance Policy by failing to properly investigate and determine the damages to the Property from the Hailstorm and by failing to pay the costs of repairing the damage to the Property from the Hailstorm.

25.     Defendant has unreasonably refused to acknowledge that Plaintiffs are now the direct beneficiary of the Insurance Policy.  Plaintiffs, by virtue of the Assignment, step into the same position as Sellers, the parties whose interests were covered by the Insurance Policy.

26.     By denying Plaintiffs' rights to the Claim, or unreasonably delaying the Claim's resolution, Defendant breached its contractual obligations under the Insurance Policy.

27.     As a result of Defendant's breaches of its contractual obligations under the Insurance Policy, Plaintiffs have suffered damages.

**COUNT II**
**BAD FAITH**

28.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

29.     There is implied in every insurance policy a covenant of good faith and fair dealing.

30.     Defendant was required to take reasonable actions in adjusting the Claim.

31.     Defendant is obligated to deal fairly and act in good faith with Plaintiffs as assignee of the rights of Sellers.

32.     Defendant's actions and failures to act in adjusting the Claim, including (a) its adjuster's absurdly low initial estimate of the cost of repairing the damage to the Property, (b) its adjuster's refusal to increase that estimate even after he reinspected the Property at the request of

Complaint
Tom Levy and Deborah Levy v.
EMC Insurance Company                                    \\WORLDOX\Worldox (E Drive)\Docs\CLIENT\0448\002\00011728.WPD

Page 5 of 7

Sellers, and (c) its adjuster not increasing his estimate of the cost of repairing the damage to a more reasonable amount, which was almost 25 times his original estimate, until nearly five months after the Claim was made and only after an engineer inspected the damage at Sellers' request, constitute a breach of its implied covenant of good faith and fair dealing.

33.     The owners of Sellers did not live in New Mexico when the Hailstorm occurred and have not lived in New Mexico since then.  Therefore, they were not able to independently determine whether Defendant's adjuster's estimates of the damage to the Property from the Hailstorm were reasonable without having to travel to Las Cruces, New Mexico, from California and Oregon, where they respectively reside, which would have been burdensome.  Instead, they relied on Defendant to treat them fairly and honestly, which Defendant did not do.  Thus, Defendant's actions and failures to act in adjusting the Claim are especially egregious and clearly evidence its bad faith.

34.     Defendant's breach of its covenant of good faith and fair dealing has directly injured Plaintiffs.

35.     Defendant intentionally or recklessly disregarded its covenant to deal fairly and act in good faith with Plaintiffs and was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiffs.  Therefore, Defendant is liable to Plaintiffs for punitive damages.

36.     Defendant's actions and failures to act in adjusting the Claim constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiffs to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, § 39-2-1.

Complaint
Tom Levy and Deborah Levy v.
EMC Insurance Company                                                    \\WORLDOX\Worldox (E Drive)\Dox\CLIENT\0448\002\00011728.WPD

Page 6 of 7

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendant that it must acknowledge and comply with Plaintiffs' rights to the proceeds of the Claim pursuant to the Assignment and for compensatory, consequential, exemplary, and punitive damages, together with attorneys fees and costs, all in an amount to be determined at trial, plus such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LAW OFFICE OF KYLE H. MOBERLY, P.C.**

By:     /s/ Kyle H. Moberly
        Kyle H. Moberly
        Attorney for Plaintiffs
        2460 S. Locust Street, Suite E
        Las Cruces, NM  88001
        (575) 541-1278

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
8/28/2017 4:33:11 PM
CLAUDE BOWMAN
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

**TOM LEVY AND DEBORAH LEVY,**

                              Plaintiff,

V

**EMCASCO INSURANCE COMPANY,**                    **Case No.  CV-2017-02606**
                                                  **Judge Arrieta**


                              Defendant.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.      Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.      Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.      Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D.   If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the *party* making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E.   Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.   When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.   If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.   Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

    (1)   stipulate to a discovery plan and file the stipulation with the court, or

    (2)   request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

    (3)   In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

    Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

        a.   The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the

pleadings, identifying the subjects of the information;

b.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.  A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.  For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.  If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.  Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.  Intent to Call Expert Witness - Disclosure.   No later than sixty (60) calendar days after filing their respective pleading or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which

an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert

is expected to testify. With respect to each expert listed, all parties are to observe their continuing

duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the

attachment to the Rule 16(B) Scheduling Order.


_____
DISTRICT COURT JUDGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Claude Bowman
Clerk of the District Court


_____
Rosie H. Stewart, Court Clerk II

LR3-Form 2.12

Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

Plaintiff

vs.

NO.: D-307-CV
Judge:

Defendant

JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as follows:

1   The court has subject matter and personal jurisdiction, and venue is proper.

2   This case is appropriate for assignment to Track A

3   The parties do not intend to amend the pleadings or file dispositive motions

4   All parties will be ready for trial *by_____ (no more than six (6) months from filing of complaint)*

5   Witness lists will be exchanged and filed forty-five (45) days before trial

6   Discovery limited to interrogatories, requests for production and admission and no more than two (2) depositions per party.

7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or (b) request the court's ADR coordinator to select a facilitator and will engage in a settlement conference within ninety (90) days from the date of the filing of the complaint. The parties may move for enlargement of time for the settlement conference for good cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

This (jury _____ 6 _____ 12 nonjury _____ ) matter will take _____ hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

for two (2) months following the date the matter is ready for trial:

_____

_____

10. Other: _____

SUBMITTED BY:

Name of party:          _____
Attorney:
Address:                     _____

Telephone Number     _____


Name of party:          _____
Attorney:                   _____
Address:                     _____

Telephone Number     _____

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20 _____

_____
Signature

LR3-Form 2.13. ( _____ 's) (joint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

_____, Plaintiff

vs.

NO.: D-307-CV
Judge:

_____, Defendant

( _____'S) (JOINT) SCHEDULING ORDER

1. This case should be assigned to Track _____.
2. Jurisdiction and Venue: _____Stipulated; _____Disputed;
   Why:_____
3. _____Non Jury; _____6-person jury; _____12-person jury.
4. Significant legal issues, if any: _____
   _____
5. Trial witnesses presently known (defendant's, plaintiff's, etc.): _____
   State expert type: _____
6. Settlement:
   _____ [I] [We] have sufficient information to evaluate the case.
   _____ [I] [We] have provided sufficient information for opposing parties to evaluate
   the case.
   _____ [I][We] need the following information from_____to evaluate the
   case: _____

   _____ [I] [We] need the following discovery to obtain information sufficient to
   evaluate the case:
   _____ Explain why such information
   cannot be obtained informally without formal discovery:
   _____

   _____ [I] [We] have scheduled a settlement conference on _____, 20_____
   with_____ *(facilitator)* or have requested the court's ADR
   coordinator to refer to facilitation.
                                    Or
   _____ [I] [We] request that this not be referred to facilitation because:
   _____
   The possibility of settlement is _____good, _____ fair, _____poor.

7. Discovery:

   [I] [We] estimate it will take _____ months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted.)* If any party requests a discovery conference, answer the following:

   The party submitting this scheduling report intends to do the following discovery:

   _____
   *(If this is a joint scheduling report, each party shall answer this question.)*
   [Plaintiff] [Defendant] intends to do the following discovery:
   _____

8.  [I] [We] estimate that trial will take   court days to try-
9.  Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).* _____
10. Stipulations:  _____
11. Other:
   _____


SUBMITTED BY:

Name of party:          _____
Attorney:               _____
Address:                _____
                        _____
Telephone Number        _____


Name of party:          _____
Attorney:               _____
Address:                _____
                        _____
Telephone Number        _____


## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20 _____


                        _____
                        Signature